```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JOHN J. BOSO and
TREVOR WILSON,

        Plaintiffs,

   v.                                                            CIVIL NO. 2:22-CV-17
                                                                                       (KLEEH)

G. RUSSELL ROLLYSON, JR. and
SHARON ZUCKERMAN,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are two Reports and Recommendations by United States Magistrate Judge Michael J. Aloi. For the reasons discussed herein, the Court adopts in part and rejects in part the first R&R, and it adopts the second R&R in its entirety.

### I.  BACKGROUND

On November 21, 2022, Plaintiffs John J. Boso ("Boso") and Trevor Wilson ("Wilson") (together, "Plaintiffs") filed a Complaint against Defendants G. Russell Rollyson, Jr. ("Rollyson") and Sharon Zuckerman ("Zuckerman") (together, "Defendants"). Zuckerman purchased a tax lien on Plaintiffs' property in 2020 and was ultimately issued a deed to the property. Plaintiffs allege that they were not given proper notice of the opportunity to redeem the taxes and stop the issuance of the deed.

**MEMORANDUM OPINION AND ORDER**

On May 31, 2023, Zuckerman, who is proceeding pro se, filed a motion to dismiss, which is fully briefed and the subject of a Report and Recommendation ("R&R") by the Magistrate Judge. The Magistrate Judge also issued a second R&R recommending that the Court deny as moot Plaintiffs' motion to dismiss Zuckerman's counterclaim. Both motions are fully briefed, with R&Rs pending, and ripe for the Court's review.

## II.   STANDARDS OF REVIEW

### A.   Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (citation omitted). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear

2

the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citations and quotation marks omitted).

**B.   Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the

plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### III. FACTS

The following facts are taken from the Complaint. For purposes of analyzing the motion under Rule 12(b)(6), the Court assumes they are true. Boso and Wilson are residents of the State of West Virginia. Compl., ECF No. 1, at ¶¶ 5-6. Rollyson is the Deputy Commissioner for Delinquent and Non-entered Lands of Pocahontas County, West Virginia. Id. ¶ 7. He is charged with lawfully exercising state governmental authority to determine when and whether a tax deed may issue to one holding an unredeemed tax lien on real property. Id. ¶ 9. He also personally signs tax deeds that deprive a record title holder of ownership and rights in tax delinquent real estate, conveying the interest to the person or entity who purchased the tax lien and applied for the deed. Id. ¶ 10. Plaintiffs bring this action against Rollyson in his personal and official capacities. Id. ¶ 11. Zuckerman is the grantee of a tax deed from Rollyson which conveyed Lots 19A-19B of M & E Farm Subdivision, containing 3.02 acres, in the Huntersville District of Pocahontas County, West Virginia (the "Subject Real Estate"). Id. ¶ 13. The deed is dated April 1, 2022. Id.

**MEMORANDUM OPINION AND ORDER**

Boso acquired the Subject Real Estate by deed from Raymond K. Coleman, Jr. and Patricia A. Coleman on June 21, 2019. Id. ¶ 14. On September 27, 2021, Boso and Wilson entered into a contract for the sale of the Subject Real Estate "over time." Id. ¶ 15. No other deed or conveyance was recorded prior to the tax deed executed by Rollyson to Zuckerman. Id. ¶ 16. Zuckerman purchased the tax lien on the Subject Real Estate at the 2020 sale of a tax lien for unpaid 2019 taxes. Id. ¶ 17. At the time, the Subject Real Estate was listed as a Class II property for taxing purposes. Id. ¶ 18.

Zuckerman never made demand on Plaintiffs for payment of the tax lien and other costs/interest related to her purchase. Id. ¶ 19. She applied to the Auditor for execution of a tax deed for the Subject Real Estate. Id. ¶ 20. Plaintiffs contend that Zuckerman did not provide the Auditor with an accurate and comprehensive listing of all persons entitled to be served notice of the right to redeem the property and the address(es) at which service could be made. Id. ¶ 20. She did not provide the Auditor with a physical address so that service could be made on the "occupant" of the Subject Real Estate. Id. Plaintiffs were never listed, nor were their addresses disclosed. Id. ¶ 24. No service was ever attempted on the occupant of the Subject Real Estate. Id. ¶ 24. Rollyson nevertheless certified that he had "caused notice

to redeem to be served on all persons entitled by law to be served on all persons required by law to be served therewith." Id. ¶ 26.

Based on these facts, Plaintiffs contend that Rollyson's execution of the tax deed on April 1, 2022, was unlawful. Id. ¶ 28. They allege that the execution of the tax deed violated both state law and the Due Process Clause of the United States Constitution. In Count One, Plaintiffs assert, pursuant to 42 U.S.C. § 1983, that their Fourteenth Amendment rights have been violated. In Count Two, Plaintiffs assert that Defendants have violated statutory requirements under the West Virginia Code because Plaintiffs were entitled to notice of the right to redeem. In Count Three, Plaintiffs assert, pursuant to section 11A-4-4 of the West Virginia Code, that they are entitled to an order setting aside the tax deed issued to Zuckerman.

## IV. ZUCKERMAN'S MOTION TO DISMISS [ECF NO. 74]

### A. Report and Recommendation

The R&R recommended that the Court deny the motion to dismiss filed by Zuckerman. It informed the parties that they had "fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of" the R&R's filing to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned them that the "[f]ailure

to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."

### B. Objections

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The Court construes two of Zuckerman's filings as objections to the R&R [ECF Nos. 82, 83]. Due to the extensive nature of the objections, some of which are unclear, the Court will conduct a de novo review of the R&R.

### C. Discussion

Parts of Zuckerman's pro se motion to dismiss are difficult to understand. The Court discerned the following arguments from the motion, in no particular order: (1) Wilson is actually Boso's tenant, not an owner of the Subject Real Estate, and tenants do

not have a right to be served a notice to redeem; (2) service on the occupant was not required under the law; (3) the Subject Real Estate was improperly classified as Class II; (4) Plaintiffs have no standing to sue because they have not deposited with the Clerk the redemption amount; and (5) subject matter jurisdiction does not exist because diversity jurisdiction does not exist.

### 1. Subject Matter Jurisdiction

First, the Court must determine whether it has subject matter jurisdiction. Zuckerman argues that subject matter jurisdiction does not exist because diversity jurisdiction does not exist. In addition to diversity jurisdiction, however, this Court also exercises original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

Here, in Count One, Plaintiffs have asserted a federal claim under 42 U.S.C. § 1983. Accordingly, the Court has subject matter jurisdiction.[1] The Court has supplemental jurisdiction to consider

---

[1] The Court does not address the viability of the 42 U.S.C. § 1983 claim, as it has not been challenged in the motion to dismiss, but treats it as well pleaded. Numerous cases recognize that due process concerns attend tax sales of property. Mennonite Bd. Of Missions v. Adams, 462 U.S. 791, 800 (1983); Button v. Chumney, No. 1:13CV232, 2014 WL 2931901, at *6 (N.D.W. Va. June 27, 2014), aff'd in part, appeal dismissed in part, 619 F. App'x 239 (4th Cir. 2015).

the remaining state law claims pursuant to 28 U.S.C. § 1367. The motion to dismiss is denied on this point.

### 2. Classification of the Property

Taking Plaintiffs' factual allegations as true, the Subject Real Estate was classified as Class II.[2] The Court is aware of no authority that would allow it to re-classify the property and will not do so here. It is, therefore, irrelevant, for purposes of analyzing this motion, whether the property was properly classified.

### 3. Service on the Occupant

As discussed in the R&R, in 2022, the West Virginia Legislature enacted significant changes to the tax lien sale process. The parties disagree as to which version of the applicable statutes should control.

Under West Virginia law, "a statute is presumed to be prospective in its operation unless expressly made retrospective." W. Va. Code § 2-2-10(b)(6). This Court has previously concluded, when analyzing the same statutory scheme, that "[b]ecause the events . . . occurred prior to June 10, 2022, the prior statutory scheme applies . . . , and all citations are to the prior

---

[2] Class II property includes "[a]ll property owned, used and occupied by the owner exclusively for residential purposes" and "[a]ll farms, including land used for horticulture and grazing, occupied and cultivated by their owners or bona fide tenants[.]" W. Va. Code § 11-8-5 (1961).

statutes." Cutlip v. Rollyson, No. 1:21CV138, 2022 WL 4295281, at *1 n.2 (N.D.W. Va. Sept. 16, 2022) (citing Syl. Pt. 2, Martinez v. Asplundh Tree Expert Co., 803 S.E.2d 582 (W. Va. 2017)). Here, Zuckerman bought the tax lien on October 21, 2020,[3] so the statutory structure in place at the time applies.

Under the operable statute at the time of the tax lien sale, to perfect a tax deed for a Class II property, a tax lien purchaser was required to, among other things, "provide the State Auditor with the physical mailing address of the property that is subject to the tax liens or liens purchased." W. Va. Code § 11A-3-19(a)(2) (2018). Then, a tax lien purchaser was required to prepare, for the Auditor, a list of those to be served with notice to redeem. Id. § 11A-3-19(a)(1). The Auditor was to mail notice to the occupant of the property:

> [A]t the same time the State Auditor issues the required notices by certified mail, the State Auditor shall forward a copy of the notice sent to the delinquent taxpayer by first class mail, or in the manner provided for serving process commencing a civil action, addressed to "Occupant", to the physical mailing address for the subject property. The physical mailing address for the subject property shall be supplied by the purchaser of the tax lien pursuant to the provisions of § 11A-3-19 of this code. Where the mail is not deliverable to an address at the physical location of the subject property, the copy of the notice shall be sent to any other mailing address that exists to which the notice would

---

[3] See Motion to Dismiss, Exh. C, ECF No. 4-7.

> be delivered to an occupant of the subject property.

Id. § 11A-3-22(e) (2020). Accordingly, a plain reading of the applicable statute shows that the occupant was entitled to notice.

Here, Plaintiffs have asserted that Wilson was an owner and was entitled to service as the occupant of the Subject Real Estate. At this stage, these allegations are sufficient to survive a motion to dismiss. At a later stage, factual discrepancies may be resolved. The motion to dismiss is denied on this point.

### 4. Depositing of the Redemption Amount

Plaintiffs seek to set aside the tax deed under two alternative theories of relief under the West Virginia Code. First, they seek to set aside a "deed improperly obtained" under section 11A-4-3. Second, they seek to set aside a deed for lack of notice to a party entitled to notice under section 11A-4-4.

With respect to section 11A-4-3, again, the statute in place at the time governs:

> No deed shall be set aside under the provisions of this section, except in the case of redemption, until payment has been made or tendered to the purchaser, or his heirs or assigns, of the amount which would have been required for redemption, together with any taxes which have been paid on the property since delivery of the deed, with interest at the rate of twelve percent per annum.

W. Va. Code 11A-4-3(b) (1994). The Court finds nothing in the statute or in the record to indicate that the required payment is

a condition precedent to filing suit. With respect to section 11A-4-4, the version in place in 2020 provided,

> No deed shall be set aside under the provisions of this section until payment has been made or tendered to the purchaser, or his heirs or assigns, of the amount which would have been required for redemption, together with any taxes which have been paid on the property since delivery of the deed, with interest at the rate of twelve percent per annum.

Id. § 11A-4-4(a) (1994). The Court, again, finds nothing in the statute or in the record to indicate that the required payment is a condition precedent to filing suit. At this stage of litigation, the motion to dismiss is denied on this point.

## V. PLAINTIFFS' MOTION TO DISMISS [ECF NO. 105]

On November 15, 2023, Plaintiffs moved to dismiss Zuckerman's counterclaim as it pertains to Michael Doss, who was named a defendant in the counterclaim. Zuckerman has since amended her counterclaim and does not name Doss as a party. On December 12, 2023, the Magistrate Judge entered an R&R recommending that the Court deny Plaintiffs' partial motion to dismiss as moot for this reason. No objections were filed, so the Court reviewed the R&R for clear error. After careful consideration, the Court finds no clear error, **ADOPTS** the R&R [ECF No. 116], and **DENIES** Plaintiffs' motion to dismiss as **MOOT** [ECF No. 105].

### VI. CONCLUSION

For the reasons discussed above, after careful consideration, the Court **ORDERS** as follows:

- The R&R on Zuckerman's motion to dismiss is **ADOPTED IN PART,** to the extent that it is consistent with this Memorandum Opinion and Order, and **DENIED IN PART,** to the extent that it is not [ECF No. 74];

- Zuckerman's objections to the R&R are **OVERRULED** [ECF Nos. 82, 83];

- Zuckerman's motion to dismiss is **DENIED** [ECF No. 4];

- The R&R on Plaintiffs' motion to dismiss is **ADOPTED** [ECF No. 116]; and

- Plaintiffs' motion to dismiss is **DENIED AS MOOT** [ECF No. 105].

Pursuant to 28 U.S.C. § 636 and the Local Rules, the Court again **REFERS** this matter to the Honorable Michael J. Aloi, United States Magistrate Judge, to conduct a scheduling conference, issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record by email and to Zuckerman by facsimile transmission at 904-297-2520.

**MEMORANDUM OPINION AND ORDER**

DATED: March 5, 2024

*[Signature]*
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA