IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN J. BOSO and
TREVOR WILSON,

      Plaintiffs,

  v.                                         CIVIL NO. 2:22-CV-17
                                                           (KLEEH)
G. RUSSELL ROLLYSON, JR. and
SHARON ZUCKERMAN,

      Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi, recommending that the Court grant Plaintiffs' partial motion for summary judgment. For the reasons discussed herein, the Court adopts the R&R and grants the motion.

## I.    PROCEDURAL BACKGROUND

On November 21, 2022, Plaintiffs John J. Boso ("Boso") and Trevor Wilson ("Wilson") (together, "Plaintiffs") filed a Complaint against Defendants G. Russell Rollyson, Jr. ("Rollyson") and Sharon Zuckerman ("Zuckerman") (together, "Defendants"). Zuckerman purchased a tax lien on Plaintiffs' property in 2020 and was ultimately issued a deed to the property. Plaintiffs allege that they were not given proper notice of the opportunity to redeem the

Case 2:22-cv-00017-TSK-MJA   Document 218   Filed 03/24/25   Page 2 of 13 PageID #: 1654

BOSO V. ROLLYSON                                              2:22-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS'
PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134],
AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

taxes and stop the issuance of the deed. They contend that the execution of the tax deed by Rollyson, the Deputy Commissioner of Delinquent and Non-Entered Lands ("Deputy Commissioner"), was unlawful.

Plaintiffs allege that the execution of the tax deed violated both state law and the United States Constitution. In Count One, Plaintiffs assert, pursuant to 42 U.S.C. § 1983, that their rights under the Fourteenth Amendment to the United States Constitution have been violated. In Count Two, Plaintiffs assert that Defendants violated statutory requirements under the West Virginia Code because Plaintiffs were entitled to notice of their right to redeem. In Count Three, Plaintiffs assert, pursuant to W. Va. Code § 11A-4-4, that they are entitled to an order setting aside the tax deed issued to Zuckerman.

Plaintiffs allege that they have suffered certain injuries, including "monetary loss, stress, anxiety, emotional distress, and mental anguish," as well as loss of the Subject Property and the creation of a cloud on the title thereto. Compl., ECF No. 1, at ¶¶ 30, 31. Plaintiffs seek actual damages, punitive damages, attorney's fees and costs, and declaratory and injunctive relief to set aside the tax deed. Id. at ¶¶ 32-45.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

The Court previously denied two motions to dismiss. Rollyson moved for summary judgment, and Plaintiffs moved for partial summary judgment. The Court has already granted Rollyson's motion. For the reasons discussed below, the Court finds that Plaintiffs' motion should be granted as well.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to present "specific facts showing that there is a genuine issue for trial." Blair v. Defender Servs., Inc., 386 F.3d 623, 625 (4th Cir. 2004) (citation omitted).

"When the moving party has carried its burden . . . , its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citation omitted). Rather, the Court must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Rule 56(c)(1) sets forth the ways in which a nonmoving party can prove that a material fact is genuinely disputed:

> (A) [by] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or
>
> (B) [by] showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

At its core, the summary-judgment process examines whether a trial is needed. See id. at 250. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

Because Zuckerman is proceeding pro se, the Court is required to construe her pleadings liberally. Estelle v. Gamble, 429 U.S.

Case 2:22-cv-00017-TSK-MJA   Document 218   Filed 03/24/25   Page 5 of 13 PageID #: 1657

BOSO V. ROLLYSON                                                2:22-CV-17
**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

97, 106-07 (1976). However, a court may not construct her legal arguments for her. Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993). Nor is a court required to "conjure up questions never squarely presented to [it]." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL BACKGROUND

A tax lien purchaser must perform certain due diligence and cause notice to be given to all parties who are entitled to it under the law. At the time of the tax lien sale in this case,[1] a tax lien purchaser was required to prepare and provide to the State Auditor a completed "notice to redeem" form, which was to include all persons who were entitled to receive notice of the tax lien sale and who held the right to redeem the delinquent taxes. See W. Va. Code §§ 11A-3-19(a)(1) (2018), 11A-3-21 (2010), and 11A-3-22 (2020). To perfect a tax deed for Class II property, a tax lien purchaser was required to "provide the State Auditor with the physical mailing address of the property that is subject to the tax lien or liens purchased[.]" Id. § 11A-3-19(a)(2) (2018). In

---

[1] The Court has already found that the statutory structure in place on October 21, 2020, applies here. See ECF No. 127. Accordingly, the changes enacted by the West Virginia Legislature in 2022 do not apply.

Case 2:22-cv-00017-TSK-MJA   Document 218   Filed 03/24/25   Page 6 of 13 PageID #: 1658

BOSO V. ROLLYSON                                                2:22-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS'
PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134],
AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

addition, the State Auditor was to mail notice to the "occupant" of the Class II property.  See id. § 11A-3-22(e) (2020).

The West Virginia State Auditor's Office delegates to the Deputy Commissioner certain power and authority to handle tax lien sales.  See Compl., ECF No. 1, at ¶¶ 8-10.  The Deputy Commissioner determines when a tax deed may issue as a result of the tax lien sale process, and he executes the tax deed, thereby exercising governmental authority to transfer real property from one record title holder to another.  See id.

Under the operable statute, if a person entitled to notice was not served with proper notice, he "may, before the expiration of three years following the delivery of the deed, institute a civil action to set aside the deed."  W. Va. Code § 11A-4-4(a) (1994).  Payment is required before a deed will be set aside:

> No deed shall be set aside under the provisions of this section until payment has been made or tendered to the purchaser, or his heirs or assigns, of the amount which would have been required for redemption, together with any taxes which have been paid on the property since delivery of the deed, with interest at the rate of twelve percent per annum.

Id.  To set aside a deed, the Court must find by "clear and convincing evidence" that the person who originally acquired such title failed to exercise reasonably diligent efforts to provide

Case 2:22-cv-00017-TSK-MJA   Document 218   Filed 03/24/25   Page 7 of 13 PageID #: 1659

BOSO V. ROLLYSON                                                2:22-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS'
PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134],
AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

notice of [her] intention to acquire such title to the complaining party or his predecessors in title." Id. § 11A-4-4(b). "Upon a preliminary finding by the court that the deed will be set aside," payment "shall be paid within one month of the entry thereof." Id. § 11A-4-4(c).

## IV. UNDISPUTED FACTS

The real estate at issue (the "Subject Property") is identified as Lots 19A-19B of M & E Farm Subdivision, and described as containing 3.02 acres, more or less, and situate in Huntersville District, Pocahontas County, West Virginia. Compl., ECF No. 1, at ¶ 13. Boso acquired the Subject Property by operation of deed, dated June 21, 2019, of record in the Office of the Clerk of the County Commission of Pocahontas County, West Virginia ("Clerk's Office"), in Deed Book 380, at Page 485, by which Raymond K. Coleman, Jr. a/k/a Raymond K. Coleman and Patricia A. Coleman, husband and wife, conveyed the same to Boso. Id. ¶ 14. On September 27, 2021, Boso entered into a contract to sell the Subject Property over a certain amount of time to Wilson. Id. ¶ 15. The contract is of record in the Clerk's Office in Deed Book 396, at Page 295. Id. No other conveyances concerning the Subject Property appear of record after this time, except for the tax deed in question.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

Id. ¶ 16. As to the tax deed, at all relevant times, Rollyson acted as the Deputy Commissioner. Id. ¶ 7.

In 2020, Zuckerman was the high bidder at the auction of the tax lien for the Subject Property. Id. ¶ 17; ECF No. 135 at 6. The tax lien sold was for unpaid 2019 taxes. Id. At the time of the tax lien sale, the Subject Property was designated as a Class II property. Id. ¶ 25. Zuckerman, as the tax lien purchaser, was required to provide to Rollyson a properly-completed notice to redeem form, which, again, was to set forth a list of all persons who were entitled to receive notice of the tax lien sale and who held the right to redeem the delinquent taxes. Zuckerman did not do so. She filled out a notice to redeem form but included only the names of Raymond Coleman and Patricia Coleman, the grantors of the deed to Boso. See ECF No. 137 at 7. Zuckerman's form did not include Boso or a physical address of the Subject Property for attempted service of an occupant of the property. Id. Neither Boso nor Wilson (the occupant of the Subject Property) were provided notice. Compl., ECF No. 1, at ¶ 23. On April 1, 2022, Rollyson issued the tax deed to Zuckerman. Id. ¶ 16; ECF No. 135 at 6.

V.   **REPORT AND RECOMMENDATIONS AND OBJECTIONS**

The R&R recommends that the Court grant Plaintiffs' partial motion for summary judgment. It informed the parties that they

Case 2:22-cv-00017-TSK-MJA   Document 218   Filed 03/24/25   Page 9 of 13 PageID #: 1661

BOSO V. ROLLYSON                                                    2:22-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS'
PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134],
AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

had "fourteen (14) days from the date of service" of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." R&R, ECF No. 206, at 9. It further warned them that the "[f]ailure to timely file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). On June 21, 2024, Zuckerman filed a document styled as a motion for reconsideration relating to the R&R, which the Court construes as objections. Out of an abundance of caution, the Court will conduct a de novo review of the R&R.

Case 2:22-cv-00017-TSK-MJA Document 218 Filed 03/24/25 Page 10 of 13 PageID #: 1662

BOSO V. ROLLYSON                                                2:22-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

## VI.     DISCUSSION

Given that the Court has already granted Rollyson's motion for summary judgment, the Court construes Plaintiffs' partial motion for summary judgment as directed only toward Zuckerman. Plaintiffs ask the Court to set aside the deed. The Court construes this request as a motion for summary judgment as to Counts Two and Three.

Applying the law to the undisputed facts, it is clear that Zuckerman failed to follow the tax lien sale process set forth in the West Virginia Code. The Subject Property was classified as Class II for the 2019 taxes for which Zuckerman purchased the tax lien. Zuckerman did not identify Boso as the record owner of the Subject Property. She did not list him on the notice to redeem form or provide an address for him. Boso was not provided with notice. In addition, Zuckerman did not identify a physical address for the Subject Property for service of notice on the occupant, as is required for Class II property. Wilson, therefore, as the occupant, was not provided notice. A tax deed was issued to Zuckerman when it should not have been, and it was issued as a result of Zuckerman's failure to follow the process set forth in

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

the West Virginia Code.[2] Plaintiffs were denied the opportunity to redeem the taxes and stop the tax deed from being issued to Zuckerman. The Court finds, by clear and convincing evidence, that Zuckerman failed to exercise reasonably diligent efforts to provide notice to Plaintiffs of her intention to acquire title to the Subject Property. See W. Va. Code § 11A-4-4(b). Accordingly, the Court **GRANTS** Plaintiffs' partial motion for summary judgment and **FINDS** that Plaintiffs are entitled to judgment as a matter of law on Counts Two and Three.

Plaintiffs have already conceded, and the Court has already found, that Plaintiffs' claim under 42 U.S.C. § 1983 fails as a matter of law against Rollyson. Plaintiffs' theory of liability against Zuckerman under 42 U.S.C. § 1983 is that she was "acting in concert" with Rollyson under color of state law. See Compl., ECF No. 1, at ¶ 27. Without a viable Constitutional claim against Rollyson, who is a state official, it cannot be said that Zuckerman, a private citizen, is liable under 42 U.S.C. § 1983 for

---

[2] Zuckerman continues to argue that the Subject Property should not have been classified as Class II. This argument is of no moment. Zuckerman cites no authority for the proposition that this Court may second guess the classification of the Subject Property in this context, and the Court disregards the argument here.

Case 2:22-cv-00017-TSK-MJA   Document 218   Filed 03/24/25   Page 12 of 13 PageID #: 1664

BOSO V. ROLLYSON                                                    2:22-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

acting in concert with him. Accordingly, the Court also finds that Count One should be, and hereby is, **DISMISSED WITH PREJUDICE.**

### VII. CONCLUSION

For the reasons discussed above, after careful consideration, the Court **ORDERS** as follows:

- The R&R on Plaintiffs' partial motion for summary judgment is **ADOPTED** [ECF No. 206];

- The objections to the R&R are **OVERRULED** [ECF No. 211];

- Plaintiffs' partial motion for summary judgment is **GRANTED** [ECF No. 134];

- Plaintiffs are entitled to judgment as a matter of law on Counts Two and Three;

- The deed for the Subject Property shall be **SET ASIDE**;[3]

- If Plaintiffs feel that any additional orders are necessary in order to set aside the deed, they are **DIRECTED** to file proposed orders;

- Count One is **DISMISSED WITH PREJUDICE**; and

- All other pending motions are **DENIED AS MOOT** [ECF Nos. 177, 209, 210, 213, 214].

It is so **ORDERED.**

---

[3] The Court recognizes that payment will be required under W. Va. Code § 11A-4-4(a) (1994).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 206], GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT [ECF NO. 134], AND SUA SPONTE DISMISSING COUNT ONE WITH PREJUDICE**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by email and to Zuckerman by facsimile transmission at 904-297-2520.

DATED: March 24, 2025

*Tom S Kleeh*
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA